# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL B. GALINDO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 14-269-JHP-SPS |
| GENTRY, et al., | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss plaintiff's complaint and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's complaint (Dkt. 1), the defendants' motions (Dkts. 17, 20), and plaintiff's response (Dkt. 22).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Davis Correctional Facility (DCF), a private prison located in Holdenville, Oklahoma. The defendants are Chief of Security Gentry, Corrections Corporation of America (CCA), Gang Task Force Officer Sgt. Mowers, and DOC Director Robert Patton.

Plaintiff's complaint is difficult to understand, but the court construes it liberally. *Haines v. Keener*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff alleges he was denied safe and appropriate housing, setting forth the nature of his case as follows:

> Our s.t.g.[1] was not allowed to house in the yard upon arrival we were

---
[1] Defendants Gentry, CCA, and Mowers explain in their motion that an s.t.g. is a Security Threat Group, also called a prison gang. (Dkt. 17 at 3).

> to be housed in Fox Unit in seg. of phases. Because another stg would not let our stg house in the yard and I got put on the yard after I was label a certain s.t.g. & denied access to yard by chief of security. But after my denied access along several other s.t.g.s. But then put to the yard without the other stgs in my group.

(Dkt. 1 at 2).

Defendants Gentry, CCA, and Mowers allege plaintiff has failed to exhaust the administrative remedies for any of his claims against them. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

The DCF/CCA defendants allege that DCF utilizes the grievance policy promulgated by the Oklahoma Department of Corrections. According to the DOC Offender Grievance Process, OP-090124, an inmate first must attempt to resolve his complaint informally by communicating with staff within three days of the incident. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, alleging only one issue per form. If the offender does not receive a response to his RTS within 30 calendar days of submission, he may submit a grievance to the Review Authority (warden's office), asserting only the issue of the lack of response to the RTS. If the complaint is not resolved after the response to the RTS, the offender then may file a grievance. If the grievance also

2

does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken.

The DCF/CCA defendants have submitted an affidavit by Terry Underwood, the DCF grievance coordinator. (Dkt. 17-2). Mr. Underwood states his duties include receipt and logging of inmate grievance submissions, initial reviews of grievance submissions, and initial determinations of whether grievance submissions comply with DOC policy procedural requirements. (Dkt. 17-2 at 2). He also maintains the grievance logs. *Id*. Mr. Underwood states he has conducted a diligent search of the facility grievance logs and records, and he has located no grievance submissions by plaintiff. *Id*. at 3-4. Underwood concludes that plaintiff did not exhaust the administrative remedies process as to any issue that may have arisen while incarcerated at DCF. *Id*. at 4. Therefore, the court finds plaintiff has failed to exhaust the administrative remedies for his claims against the DCF/CCA defendants.

Defendant DOC Director Robert Patton also has filed a motion to dismiss. He alleges the Eleventh Amendment bars suit against him for plaintiff's allegations, and plaintiff has not shown that Patton personally participated in the alleged constitutional violations.

To the extent Defendant Patton is sued in his official capacity as a DOC official, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

Furthermore, "[p]ersonal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d

1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id*. *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** Defendants Gentry, Corrections Corporation of America, and Mowers are DISMISSED WITHOUT PREJUDICE, Defendant Robert Patton is DISMISSED WITH PREJUDICE, and this action is, in all respects, DISMISSED AS FRIVOLOUS. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 24th day of September 2015.

James H. Payne
United States District Judge
Eastern District of Oklahoma